UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS PIERRE (A# 244-095-076),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY IMMIGRATION DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-08349 TLN SCR<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Customs and Border Patrol encountered Petitioner, a citizen and national of Haiti, at or near San Ysidro, California, on or around July 4, 2023. ECF No. 8-1 at 2 (Form I-213). Immigration officials issued him a Notice to Appear ("NTA") and released him on parole. Id. Petitioner applied for an I-765 work authorization on February 23, 2024, which USCIS approved on April 9, 2024. Id. On August 7, 2026, USCIS terminated Petitioner's I-821 application for temporary protected status. Id. Petitioner has no criminal record in the United States. Id. Immigration and Customs and Enforcement ("ICE") agents arrested Petitioner on September 21,

2026, in Newark, New Jersey, after a traffic stop. ECF No. 8-1 at 2; ECF No. 1 a 3, ¶ 7. He is currently detained in the California City Immigration Detention Facility within this judicial district. ECF No. 1 at 2.

Petitioner filed this § 2241 petition on October 13, 2026, alleging that the arbitrary revocation of his parole violated the Due Process Clause of the Fifth Amendment. ECF No. 1 at 6-7. He seeks an order that his detention is not justified or, in the alternative, a bond hearing before an immigration judge in which the government must establish by clear and convincing evidence that he presents a risk of flight or danger. Id. at 14. Respondent opposes the petition and maintains Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 8 at 2. Nevertheless, Respondent states that this case "fits into the category of cases in which the Court has found that the petitioner's parole into the United States is more significant than his or her manner of entry," and maintains it "belongs to the category of cases in which the Court has ordered a bond hearing." Id.

**II. Legal Standards**

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process ... we do not see why

the United States government could not torture or summarily execute them. ... [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.”).

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep’t of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) (“Once it is determined that due process applies, the question remains what process is due.”). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government’s interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge “contends that the law is unconstitutional as applied to the litigant’s particular [circumstances], even though the law may be capable of valid application to others.” Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**III. Due Process Analysis**[1]

As a parolee, Petitioner has a protected liberty interest in his continued freedom from detention. See Juan Carlos V.B. v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *2 (E.D. Cal. May 5, 2026) (“Since he was lawfully paroled into the country, Petitioner has established a life in the United States [and] found gainful employment.”). Consistent with the Court’s reasoning and rulings in substantively identical cases, the undersigned finds that the Mathews analysis shows that Petitioner’s re-arrest without pre-deprivation hearing violated his Fifth Amendment right to procedural due process. See Juan Carlos V.B., 2026 WL 1224238, at

[1] The Court need not resolve whether Petitioner is detained under § 1225(b) or 1226(a) given that his due process rights and his remedy are identical under either statutory detention authority.

*3 (E.D. Cal. May 5, 2026) (concluding Mathews analysis showed the re-detention of humanitarian parolee without pre-deprivation notice or hearing violated procedural due process); Jose A.C. v. Warden of the California City Corr. Ctr., No. 2:26-CV-01339-TLN-CSK, 2026 WL 1076330, at *5 (E.D. Cal. Apr. 20, 2026) (same).

In tailoring the remedy for this due process violation, the undersigned observes that the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The assigned District Judge has identified post-deprivation remedies as a "special case" and appropriate only with the presence of mitigating circumstances (e.g., final order of removal, criminal history, or individualized changed circumstances to justify re-detention). Charan S. v. Warden of the California City Det. Facility, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *7 (E.D. Cal. Apr. 28, 2026) (citing Zinermon, 494 U.S. at 129). Because Respondent does not identify any aggravating circumstances in their answer, and none is apparent from the record, the undersigned finds that immediate release is the appropriate remedy.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be ordered to IMMEDIATELY RELEASE Petitioner JONAS PIERRE (A# 244-095-076). Respondents may place Petitioner on standard conditions of supervision.

3. At the time of release, Respondents must return all of Petitioner's documents and possessions.

4. Respondents be ordered to file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration

judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Immigration Detention Facility; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE